IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEREMIE CAMPBELL, | § | |
| | § | No. 445, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N1705012271 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 6, 2019
Decided: April 1, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

**O R D E R**

This 1st day of April, 2019, after careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    A police officer stopped a black Jeep Cherokee for traveling at an unreasonable speed in a residential district.  The officer recognized Jeremie Campbell, who was sitting in the back seat, and knew that Campbell had an active capias for his arrest.  After the officer placed Campbell under arrest because of the capias, he searched the vehicle and recovered a firearm and two substances in the seat where Campbell was sitting.  The substances tested positive for marijuana and cocaine.

(2) Campbell moved to suppress the evidence found in the vehicle, claiming that the officer "did not have reasonable grounds to suspect that the driver of the Cherokee was speeding . . . ,"[1] but the Superior Court denied his motion after a suppression hearing.

(3) Following a bench trial where evidence was admitted by stipulation, Campbell was found guilty of possession of a firearm by a person prohibited, possession of ammunition by a person prohibited, possession of marijuana, and possession of a controlled substance.

(4) On appeal, Campbell challenges the Superior Court's denial of his motion to suppress, arguing among other things, that the court relied on an incorrect legal standard—reasonable articulable suspicion—when it determined that the stop of the Jeep for speeding was reasonable. According to Campbell, when an officer merely suspects that a driver has committed a violation of law, she may stop the vehicle if that suspicion is reasonable and articulable, but when the officer actually observes a violation, the stop must be supported by the "more demanding" probable-cause standard.[2]

(5) We note first that this is contrary to the position Campbell took in the Superior Court. In his motion to suppress, Campbell invoked the reasonable-

---

[1] App. to Op. Br. A42 (hereinafter "A__").
[2] Op. Br. 7–8.

2

articulable-suspicion standard[3] and stood by it during post-trial argument.[4] But more to the point, we reject the odd notion that a higher level of suspicion is required for a motor vehicle stop when a police officer actually observes a violation of law than when he merely suspects one. Simply put, if the officer has a reasonable articulable suspicion that a driver has committed a crime or a traffic violation,[5] the officer may conduct a traffic stop.

(6) Campbell also argues that the Superior Court erred when it employed a mathematical equation to provide objective support for the officer's subjective estimate of the Jeep's speed. In particular, the court applied a mathematical formula to the officer's testimony that he observed the Jeep travel .15 miles in 10 seconds, implying a speed in excess of 50 miles per hour in a residential district where the speed limit is 25 miles per hour. Campbell quibbles with the Superior Court's calculation because it "could only determine average speed over that distance during that time, not the speed of the vehicle . . . when it completed that distance" at which time "it would have been travelling much faster than 54 MPH . . . ."[6]

(7) But even if we credit Campbell's argument, that would only support the idea that the Jeep was going faster than 50 miles per hour at some point. Campbell

---

[3] A10–11.
[4] A72.
[5] *Rickards v. State*, 2011 WL 153643, 30 A.3d 782 (Del. 2011) (Table).
[6] Op. Br. 10.

3

does not claim that 50 miles per hour is a reasonable speed for any point along his route.

(8) In any case, we are satisfied that the Superior Court gave due weight to all of the circumstances supporting the officer's suspicion that the Jeep was traveling at an unreasonable speed, including the officer's experience, his familiarity with the area, and his testimony regarding the distance the Jeep traveled over a 10-second period. The methodological objection that Campbell raises does not undermine the Superior Court's conclusion that the stop was justified.

(9) For these reasons and for the reasons stated in its December 7, 2017 Opinion, the judgment of the Superior Court should be affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

4